(Hamilton County Common Pleas.)

WILLIAM P. JONES et al. v. WILLIAM P. PROCTER et al.

Two partners admitted several junior members into the partnership under a partnership contract which provided that if any of the two senior partners died during the term, his interest should be taken by the other partners, they to pay to his estate therefor the value thereof as fixed by an appraisement to be had in a certain manner. On the death of one of the senior partners the other partners, under an arrangement with the executor, liquidated the interest of the deceased under a valuation and appraisement which was a fraud upon his estate. In an action by the beneficiaries of the estate against the partners and the executors to set aside the appraisement and for an accounting, Held, the defendants are not holding a trust fund for the beneficiaries of the estate. A trust fund could have arisen only after an appraisement and after somebody had received the purchase price; and could have no existence save by virtue of the execution of the appraisement.

(2). Under the articles, the surviving partners had to take the interest of the deceased, whether or no. On his death the title to the assets vested in the survivors in their own right, and not in trust for the beneficiaries of his estate, to whom they were indebted in a sum to be ascertained in a certain stipulated manner. If, by reason of fraud in the appraisement, the price was not fairly ascertained, the remedy is not against the partners as trustees, for they are not trustees; but is either for a re-appraisement if such can be had, or the ascertainment of the proper sum by a judicial tribunal.

(3.) The executors are liable because of their fiduciary duty to realize the proper amount from the value of the interest of the deceased, and because of fraudulent administration in not realizing it. The obligations of the partners arise out of the partnership articles and not out of the fraud; so that the cause of action against the surviving partners does not affect the executors, and the cause of action against the executors does not affect the surviving partners, and there is a misjoinder of causes of action.

(4). As to the statute of limitations, the alleged cause of action against the executors (as such) does not draw to it the ten year statute, sec. 4985. There is at bar no right to an account against partners shown; the right against them is to recover only the fair purchase price when properly ascertained, and there is shown against the executors (as such) no right to an acounting, for the reason that no trust funds have been received by them; the right against them grows out of, not what they have received, but out of their collusion in a fraudulent appraisement; out of their mal-performance of fiduciary duties, the nature of the mal-performance being such as to constitute fraud, and the four years statute governs.

WRIGHT, J. :

Upon July 1st 1879, an agreement of partnership was entered into between William Procter, James Gamble, William A. Procter and James N. Gamble, providing that the partnership business should continue for three years; upon January 1st, 1880, Harley T. Procter was admitted to the partnership for the remainder of the original term. Upon June 30, 1882, David B. Gamble was admitted for the period of one year, and an agreement made re-affirming the original articles, and providing that the business should be continued for a second term of three years, from July 1st, 1882. By the original articles it was provided that: "in case of the death of one of said senior members (William Procter and David Gamble) of said partnership within said term of three years * * * (his) interest shall be ascertained in the following manner, viz:

three appraisers shall be selected as follows: one by the personal representatives of the deceased, one by the surviving partners, and the two so selected shall select a third; and the three so selected shall make out in duplicate a full inventory and appraisement of the entire assets and liabilities of the partnership * * *, and the surviving partners shall take as purchasers all said assets at such appraised value thereof, first deducting therefrom the debts and liabilities of the firm * * * and for the value of such deceased partner's share or interest in such net assets thus ascertained, the survivors as a firm, shall give their five promissory notes, each for one-fifth of such value, and payable respectively, etc."

Upon April 1, 1884, William Procter died testate. His will designated William A. Procter, James N. Gamble and John Morrison, executors and trustees. Upon April 1, 1887, it was undertaken by the executors of the estate of William Procter and by the surviving partners, to liquidate the partnership interest possessed by the estate of William Procter, and this in the manner provided for by the partnership articles.

The petition avers that the appraisement and valuation had was a fraud upon the beneficiaries of William Procter's estate; a fraud participated in by the executors and by the surviving partners as well; that immediately after the completion of the appraisement and valuation, the surviving partners and William Cooper Procter, entered into a contract whereby the latter was admitted to the firm; that each had, at the time of the making of the contract, full knowledge of the fraud of the appraisement; that they continued the operation of the business until 1890, at which time they disposed of it by sale.

James Gamble died May 16, 1891. James N. Gamble, David B. Gamble and William A. Gamble, being now executors of his estate. The widow of William Procter died July, 1893. The Central Trust and Safe Deposit Company is now trustee under the will of William Procter, vice, William A. Procter, James N Gamble, and Thomas Morrison, resigned. William Procter's daughter (deceased) was beneficiary under his will. This action is brought by her children, the administratrix of a certain one of them being joined as plaintiff. The prayer of the amended petition is for the setting aside of the appraisement, an accounting against the surviving partners, the executors of the estate of James Gamble, and William Cooper Procter, for all moneys and securities received out of the assets of the partnership belonging to the estate of William Procter, "from his death up to the present time;" and amongst other prayers, one for judgment "for any sum which has been so wrongfully withheld." By amendment of the amended petition it is averred that William P. Jones, and Edith Jones (parties plaintiff) were born, the former upon November 7, 1869, and the latter upon July 31, 1873; that none of the parties plaintiff

had any knowledge about the matters of fraud complained of, until within four years from the commencemet of the action. The amendment to the amendment, makes William A. Procter and James N. Gamble, executors of the estate of William Procter, as such parties defendant, averring mal-administration and praying: "That an account be stated with said executors of the value of said interest, and a decree be awarded to these plaintiffs, for the full value of their interest therein against the said executors, etc." William A. Procter; James N. Gamble, David B. Gamble, and William Cooper Procter demur, each upon four grounds, as follows: First, that several causes of action are improperly joined; second, that separate causes of action against several defendants are improperly joined; third, that said amended petition, as amended, does not state facts sufficient to constitute a cause of action; fourth, that in the amendment to the amended petition, there is a misjoinder of parties plaintiff.

There have been heard some very elaborate arguments based upon the premise that a fund is held by certain of the defendants in trust for the beneficiaries, under William Procter's will. A trust fund could have arisen only after an appraisement and after somebody had received the purchase price; and could have no existence save by virtue of the execution of the appraisement, and for the following reasons: The method for liquidation of William Procter's interest was not left to hap-hazard, but was definitely set down in the partnership articles; it was provided that in case of the death of a senior member, a settlement should be made at a certain time thereafter by appraisement; and that "the surviving partners shall take as purchasers all said assets at such appraised value;" and this whether or no; there was left to be exercised upon these points no option by any one at all. I am not in any doubt about this proposition; that is to say, if a certain sum of money had been ascertained, agreed upon and set down in the articles as the purchase price to be paid by the survivors, that then, upon the arrival of the time fixed for settlement, title to the assets would have at once vested in the survivors, and the assets would have passed into their ownership unincumbered by, and uncharged with any right or beneficial interest of William Procter's estate; the right of that estate would have been, not a right in, or against assets, but the right to collect from surviving partners the certain sum of money which had been agreed upon as the purchase price; an action of debt. Now, while there is no mention in the articles of an ascertained sum of money to be paid in purchase, yet there is set forth in the articles the method whereby the amount of the purchase price shall be ascertained; that is to say, by an appraisement; the vesting of the title in the survivors is not dependent upon the appraisement, but I take it, would

have transpired even though no appraisement had been attempted; an appraisement is a mere incident to the ascertainment of the purchase price, but is in no wise a condition precedent to the vesting of title in the survivors. It seems to me, that when the time for settlement arrived, the proprietory title to the assets vested absolutely in the surviving partners; it is so written in the articles; and further, it seems to me that the amount of the purchase price to be paid by them remained was to be ascertained in the manner provided for; I must say this; that, however it was prior to the time for settlement, yet when the time for settlement had arrived, and thereafter, the surviving partners were no trustees for the estate of William Procter in their holding of partnership assets, but each held *sui juris*, compelled thereto by the terms of the partnership contract. Therefore, to the extent that after the appraisement they held assets which had formerly been of the firm, the surviving partners were in no sense holding a trust fund, were in no wise holding a fund wherein the estate of William Procter had any proprietory or beneficial interest, so that as against these surviving partners, the petition discloses no right to an accounting, for it is not shown that they held a trust fund. The executors held no trust fund, for they reduced nothing to possession.

In so far as the executors of William Procter's estate are concerned, it must be said that their liability is either to account for whatever funds have been received by them as executors, or to respond for mal-administration in failing to acquire funds which their duty required them to obtain.

The obligation of the partners was to pay to the executors of William Procter's estate the purchase price; if, by reason of fraud in the appraisement the price was not fairly ascertained, the remedy is not against the partners as trustees, for they are not trustees; but is either a re-appraisement, if such can be had, or the ascertainment of the proper sum by a judicial tribunal. The obligation of the executors was to see to it that the estate of William Procter realized an adequate and sufficient price from the surviving partners. A combination between surviving partners and executors to the end of effecting a fraudulent appraisement can not abrogate the obligations created by the partnership articles, can not release surviving partners the former from the necessity of taking the assets as purchasers, and can not create in representatives or beneficiaries of William Procter's estate, any right or interest in the partnership assets. If there was fraud in the appraisement, the appraisement would thereby be vitiated, and no more. In such event matters would stand as though no appraisement had been had; that is to say, the title of the assets vested in the partners, and an obligation upon their part to pay the fair, just purchase price therefor. For

this purchase price the partners would have to respond, because they are obligated thereto by the partnership articles. Their obligations in this regard are entirely distinct and severed from the obligations which were upon the executors of William Procter's estate. The executors are liable to be called upon to respond for the amount of the fair purchase price, obliged thereto because of their fiduciary duty to realize it, and because of fraudulent administration in not realizing it. The obligations of the partners arise out of the partnership articles, and not out of the fraud. The obligations of the executors arise because of their fiduciary duty and not out of the partnership articles; so that the cause of action against the surviving partners does not affect the executors, and the cause of action against the executors does not affect the surviving partners, and there is a misjoinder of causes of action.

Wherefore, upon the first and second ground, the demurrer must be sustained.

As has heretofore been said in regard to the surviving partners, the petition discloses only a liability to pay the purchase price; and for a recovery of it, the plaintiffs here, the beneficiaries under William Procter's will can maintain no action against them; such an action can only prevail when instituted by duly constituted representatives of the estate of William Procter. There is, therefore, no cause of action in favor of the plaintiffs stated against the surviving partners, and their demurrers upon the third ground set forth must be sustained.

William Cooper Procter was not, according to the averments in the amended petition, admitted to the partnership until after the time for settlement had arrived, and after an attempted appraisement; therefore as against him, there is disclosed no cause of action in favor of the plaintiffs or of any one else; each ground of his demurrer is well taken.

Upon the point of the statute of limitations, I have to say, I am unable to understand how the alleged cause of action against the executors (as such) draws to it the ten years statute, sec. 4985. It is contended by the learned counsel for the plaintiffs that the construction announced for this section by the Supreme Court of Ohio, in Gray against Kerr, 46 Ohio St., 652, is fitting for the case at bar. The case in the book was by one partner against another partner, to obtain a settlement of the accounts of the co-partnership. As has been already determined, there is at bar no right to an accounting against partners shown; the right against them is to recover only the fair purchase price when properly ascertained; and there is shown against the executors (as such) no right to an accounting, or the reason that no trust funds have been received by them; the right against them grows out of, not what they have received, but out of their collusion in a fraudulent appraisement; out of their mal-performance of fiduciary duties, the nature of the mal-performance being such as to constitute fraud, and the four years statute governs.

Upon this point of the application of the statute of limitation to the cause of action undertaken to be set up against the executors (as such), it is contended by counsel for plaintiffs, that the action was begun within three years from the time that Edith Jones (one of the plaintiffs) attained to majority, and that her right being saved, it is saved to all. It is true that Edith Jones came to full age, July 31, 1891, and true, that the action was originally instituted by the filing of a petition upon August 4, 1894; but it was not undertaken to set out in this original petition any cause against the executors (as such); not until the filing of the amendment to the amended petition was it attempted to aver a right of action against the executors; this pleading was filed upon March 29, 1897; that is to say, about six years subsequent to the time when Edith Jones became of age. It appears therefore, from the pleading demurred to, not only that the ground of complaint against the executors is for fraud, but also that the fraud complained of transpired more than four years prior to the commencement of the action upon it. Therefore, the action against the executors (as such) must be said to be barred by the statute of limitation, and their demurrer upon that ground is sustained.

The demurrer of David B. Gamble is sustained, for the reason that the facts stated are not sufficient to constitute a cause of action against him.

It is conceded by counsel for plaintiff, that the personal representative of William P. Jones is not entitled to recover against any of the defendants; the demurrers for misjoinder in making the administratrix of William P. Jones a party plaintiff, are therefore sustained.

Hartley T. Procter moves to strike out from the petition. The motion in its first ground is directed against certain allegations about large expenditures out of partnership profits made by the surviving partners in advertising; whether these expenditures were great or small, they were business ventures of nature thoroughly legitimate; an appropriation by a majority of the partners of a proportion of the partnership earnings for the advancement of the interests of the firm. The fact that within a short time there was to be a liquidation of William Procter's interest, put upon the others no duty of enhancing the value of that interest to the delay or detriment of their own; nor did it oblige them to refrain from a business policy which would have been legitimate had he continued in life. Neither did it deprive them of the right inherent in every commercial combination of men to acquire real estate, and erect thereon a plant capable of answering the needs and requirements of the business enterprise.

The first, second and third grounds of the motion are well taken. The allegations

alleged by the fourth ground of the motion are well taken.

It seems to me, that in view of the rulings already announced, there is no reason in requiring the plaintiffs at this time to identify the patents which are alleged to have been omitted from the appraisement.

The motion to make definite and certain is overruled.